UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


WILLIAM D. CARROLL, JR. AND
CAROLYN K. CARROLL

VERSUS

CHASE BANK, SAMERA L. ABIDE

CIVIL ACTION

NO.  11-684-FJP-CN


**RULING**

William D. Carroll, Jr. and Carolyn K. Carroll have filed a motion for the Court to rule on "violations of debtors constitutional rights."[1]  This motion attempts to have the Court rule on a matter that has not yet been ruled on by the Bankruptcy Court.  Thus, the Court is without jurisdiction to rule on this motion.  To the extent the Carrolls are filing a suit against the Bankruptcy Judge, the papers are not in proper form and clearly violate the Federal Rules of Civil Procedure.  It is necessary that a separate complaint be filed in accordance with the Federal Rules of Civil Procedure and the defendant be served.

It is also clear that the Carrolls have embarked on a plan to file continuous motions which are frivolous and only designed to delay the administration of justice and harass the Court and the parties involved in this case.  This Court will not allow the Carrolls to act in such a disruptive manner.

The Court has previously warned the Carrolls that should the

---

[1]Rec. Doc. No. 7.

Doc#47613

Court find their actions taken in this case as frivolous, the Court will impose sanctions in accordance with the Federal Rules of Civil Procedure and the inherent power of the Court to impose sanctions. It is clear that sanctions are warranted where a party shows bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order." *Primus Auto. Fin. Servs. V. Bartarse*, 115 F.3d 644, 649 (9th Cir. 1997) (quoting *Hutto v. Finney,* 473 U.S. 678, 689 n. 14 (1978)); *Ocean-Oil Expert Witness, Inc. V. Ashton O'Dwyer*, ([www.ca5.uscourts.gov/opinions/unpub/09/09-30829.0.wpd](www.ca5.uscourts.gov/opinions/unpub/09/09-30829.0.wpd))

The facts of this case in both the Bankruptcy Court and in the District Court demonstrate an egregious pattern of conduct that has disrupted these proceedings and evidenced a complete lack of respect for the dignity and authority of the Bankruptcy Court and this Court. The Court cannot allow parties, even those acting pro se, to engage in bad faith and wilful abuse of the judicial process. The fact that the Carrolls are proceeding pro se does not give them the right to disrupt and delay proceedings; fail to follow the orders and rules of the Bankruptcy Court, the Federal Rules of Civil Procedure, and the local rules of the District and Bankruptcy Courts.

Therefore:

IT IS ORDERED that the motion of William D. Carroll, Jr. and Carolyn K. Carroll to have the Court rule on their motion entitled "Motion for Court to Rule on Violation of Debtors Constitutional Rights" is hereby DENIED.

The Court reserves the right to issue an order at a hearing

Doc#47613

set for November 21, 2011, why the Court shall not impose sanctions on William D. Carroll, Jr. and Carolyn K. Carroll for their inappropriate conduct in this case in both the Bankruptcy Court and this Court.

IT IS SO ORDERED.

Baton Rouge, Louisiana, November 17, 2011.

FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA